**FILED**

DEC 08 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LEWIS,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW CATES, et al.,<br><br>    Defendants. | No. C 14-3623 LHK (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

    Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses some defendants and orders service upon the remaining defendants.

## DISCUSSION

A.   Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 | *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2 | To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that he appeared before a classification committee for a transfer review. Defendants E. Ramos, D. Garcia, and R. Reese were the classification committee members. These defendants informed plaintiff that plaintiff would be transferred to Folsom State Prison. Plaintiff told the committee members that plaintiff could not be housed there because plaintiff had enemies at Folsom State Prison. Plaintiff identified the enemies, and told the committee members that if plaintiff were transferred to Folsom State Prison, plaintiff would be attacked. The committee approved the transfer of plaintiff to Folsom State Prison over plaintiff's objections. Soon after plaintiff arrived at Folsom State Prison, plaintiff was attacked on two separate occasions.

Liberally construed, plaintiff has stated a cognizable claim that defendants were deliberately indifferent to plaintiff's safety.

Although plaintiff also names Matthew Cates and John Does in the caption of his complaint, plaintiff does not allege any facts against these defendants in his complaint. Thus, Matthew Cates and John Does are DISMISSED without prejudice.

**CONCLUSION**

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **E. Ramos, D. Garcia, and R. Reese** at **Salinas Valley State Prison**. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, and defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **sixty (60) days** from the date the waivers are sent from the court, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's

1 opposition is filed.

2     6.    The motion shall be deemed submitted as of the date the reply brief is due. No
3 hearing will be held on the motion unless the court so orders at a later date.

4     7.    All communications by the plaintiff with the court must be served on defendants
5 or defendants' counsel, by mailing a true copy of the document to defendants or defendants'
6 counsel.

7     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
8 No further court order is required before the parties may conduct discovery.

9     9.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
10 and all parties informed of any change of address and must comply with the court's orders in a
11 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
12 pursuant to Federal Rule of Civil Procedure 41(b).

13 IT IS SO ORDERED.
14 DATED: 12/4/14

_Lucy H. Koh_
LUCY H. KOH
United States District Judge